*Bullitt & Harris, Helm & Bruce, for appellant.*

*Sterling B. Toney, for appellees.*

---

### JOHN W. TANNER *v.* TRUSTEES OF SHERBURN.

[Abstract Kentucky Law Reporter, Vol. 7—764.]

**Effect of Filing Plat of Town Property.**

One who has platted his ground in a town and filed the plat with the proper officer, clearly showing defined streets and alleys, has thereby precluded himself from setting up any adverse claim against the town to such streets and alleys. The filing of his plat shows a dedication of the streets, and the claims of rent by the town trustees and his actual payment for a long time shows an acceptance on the part of the public.

APPEAL FROM FLEMING CIRCUIT COURT.

April 29, 1886.

OPINION BY JUDGE PRYOR:

When this case was heretofore submitted and an opinion rendered there was no brief filed by the appellant, owing to some oversight as to the time of filing it. That opinion was withdrawn, and now it appears upon the presentation of the points relied on by counsel that the recorded plat of the town as laid out by John Andrews, and which is of record in the Fleming County Court clerk's office, fails to show any extension of Fourth street through the land of appellant; and while the plat subsequently recorded in 1880 and adopted under legislative enactment shows such an extension it can not prevail over a recorded plat prior to that time unless it appears that there was some fraud on the part of the appellant to defeat the claim of the town. The clerk certifies that the copy relied on is a true and correct copy of the plat of the town as appears from the records now on file in his office. This plat was exhibited, as the record shows, in 1847, to the county court and ordered to record. There is no Fourth street actually laid out on the land of the appellant and no such street has ever been opened; and with this plat,

that is not pretended to have been devised by the appellant, tendered to the county court in 1847 and ordered to record, a subsequent record of some other plat under an enactment of 1880 can not divest the appellant of title or authorize the appellees to open Fourth street through the appellant's land.

As to the other streets in controversy his recognition of the claim of the town to their use and the plat showing that they were clearly defined streets and alleys will preclude him from setting up any adverse claim. He was town marshal at one time, also trustee, and has paid rent for years. This payment was not under any mistake of his rights. His own plat shows the dedication of the streets and the claims of rent by the trustees, and its actual payment for a long time shows an acceptance.

There may be no necessity for opening these streets, but this is a question for the trustees. The appellant is their tenant and his own plat shows that the town is vested with the title; his possession was the possession of the town, and his payment of rent works an estoppel unless it can be shown, as in the case of Fourth street, that they do not pass over his land. The judgment is reversed only to the extent that Fourth street is made to pass through appellant's land, but to no greater extent. *Reversed* and remanded for proceedings consistent with this opinion.

*W. A. Sudduth, for appellant.*

*W. H. Cord, for appellees.*